IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Ocean, | C/A No. 0:13-3615-RBH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Charles Ocean, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

PJG

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



**ADMINISTRATIVE PROCEEDINGS**

In April 2011, Ocean applied for DIB, alleging disability beginning October 15, 2010. Ocean's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on July 11, 2012, at which Ocean, who was represented by Flo Lester Vinson, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on August 29, 2012 finding that Ocean was not disabled from October 15, 2010 through the date of her decision. (Tr. 10-17.)

Ocean was fifty-four years old on his alleged disability onset date. (Tr. 33.) He has a high school education and past relevant work experience as a carpet fixer. (Tr. 151.) Ocean alleged disability since October 15, 2010 due to gout in his arms and feet. (Tr. 150.)

In applying the five-step sequential process, the ALJ found that Ocean had not engaged in substantial gainful activity since October 15, 2010—his alleged onset date. The ALJ also determined that Ocean's gout and arthritis were severe impairments. However, the ALJ found that Ocean did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Ocean retained the residual functional capacity to

> perform medium work as defined in 20 CFR 404.1567(c) except lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk about six hours in an eight hour workday; sit about six hours in an eight hour workday; occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; frequent balancing; no climbing of ladders, ropes or scaffolds; and avoid concentrated exposure to hazards such as machinery and heights.

(Tr. 13.) The ALJ found that Ocean was unable to perform any past relevant work. Further, the ALJ found that were jobs that existed in significant numbers in the national economy that Ocean could



perform. Therefore, the ALJ found that Ocean had not been disabled from October 15, 2010 through the date of her decision.

Ocean filed an appeal with the Appeals Council, which denied his request for review on November 21, 2013, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

PJG

**ISSUES**

Ocean raises the following issues for this judicial review:

I. The ALJ failed to address the critical issue of whether Charles would be able to perform work at any exertional level during his frequent gout flares.

II. The ALJ's finding that Charles' renal insufficiency is not a "severe" impairment is not supported by substantial evidence.

III. The ALJ's finding that Charles is not credible is not supported by the substantial evidence of record.

IV. The VE's testimony did not constitute substantial evidence because the ALJ failed to include significant limitations that were well supported by the records, both factually and medically.

V. The ALJ failed to apply Social Security's policy of not penalizing an individual for his poverty and failed to address the evidence that Charles had frequent gout flares even when he was financially able to purchase his medication.

(Pl.'s Br., ECF No. 12 at 1.)

**DISCUSSION**

Ocean presents several issues on appeal. For the reasons that follow, the court agrees that the ALJ's determination at Step Two of the sequential process is unsupported by substantial evidence, which impacts the remaining steps of the sequential process. Therefore, the court addresses this issue first.

Step Two of the sequential evaluation requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden at this step to show that he has a severe impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do



basic work activities." 20 C.F.R. § 404.1520(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." Examples of these include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b). "[A]n impairment can be considered as not severe only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original) (internal quotation marks omitted).

At Step Two, the ALJ found that Ocean's gout and arthritis constituted severe impairments. The ALJ also considered Ocean's hypertension and renal insufficiency and found them to be non-severe. Ocean argues that the ALJ erred in determining that his renal insufficiency constituted a "non-severe" impairment rather than a "severe" impairment.

In finding that Ocean's renal insufficiency was a non-severe impairment, the ALJ found that "[w]hile the claimant has renal insufficiency, the claimant reports no limitation or symptoms due to this condition and there is no evidence of end organ damage." (Tr. 12.) Therefore, the ALJ found "no objective medical evidence substantiating greater than minimal effect on his ability to function" from this impairment.



In support of his allegations of error, Ocean first points out that during a hospitalization he was diagnosed with "Stage 3 Chronic Renal Insufficiency," and following an ultrasound a few days later, he was diagnosed with "Advanced chronic medical renal disease (4 on a scale of 5)."  (Pl.'s Br. at 4, ECF No. 12 at 4) (citing Tr. 232, 238).  Ocean argues that the ALJ incorrectly stated that he reported no limitation or symptoms from this impairment.  In fact, Ocean's testimony indicates that he must go to the restroom as soon as he feels the need to urinate; that instances have occurred where he could not reach a restroom in time; and that he wakes seven or eight times a night needing to use the restroom.[2]  (Tr. 41-42.)  This testimony arguably demonstrates that Ocean's renal insufficiency significantly limits his physical ability to do basic work activities and is more than a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  Evans, 734 F.2d at 1014 (emphasis deleted); see also 20 C.F.R. § 404.1520(c).  However, as stated above, the ALJ's opinion states that "the claimant reports no limitation or symptoms due to this condition."  (Tr. 12.)  Moreover, the remainder of the decision does not appear to discuss this impairment or its possible limitations.  Accordingly, it is unclear whether the ALJ overlooked this testimony or whether she considered this aspect of Ocean's testimony and simply found it not credible.  As a result, the court cannot say that the ALJ's conclusion in this regard is supported by substantial evidence.  Therefore, the court is constrained to recommend that this matter should be

---

[2] Ocean also argues that he testified that "[h]e sometimes keeps a container beside his bed so that he does not have to make it all the way to the bathroom."  (Pl.'s Br. at 5, ECF No. 12 at 5) (citing Tr. 46-47).  However, due to an "inaudible" notation in the transcript, the court observes that this testimony is less than clear.



remanded for further consideration of Ocean's renal insufficiency at Step Two and its impact of the remaining sequential process.

Furthermore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address Ocean's remaining issues, as they may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).  Moreover, if necessary, Ocean may present his additional arguments on remand, all of which may impact the ALJ's residual functional capacity assessment and hypothetical questions to the vocational expert.[3]

---

[3] While independently some of Ocean's other issues may not result in the court's recommendation that this matter be remanded for further consideration, since this matter is being recommended for remand, the court specifically notes that as argued by Ocean, the ALJ's opinion appears to contain other potential errors that can be addressed on remand as they may impact the ALJ's decision.  For example, contrary to Ocean's testimony concerning the use of a cane (see Tr. 46-47), the ALJ inexplicably found that Ocean "does not use an assistive device for ambulating." (Tr. 15.)  The Commissioner appears to suggest that the ALJ meant that Ocean has not been prescribed an assistive device for ambulating; however, the court finds that the ALJ's decision in unclear on this point as she does not even acknowledge Ocean's testimony.  Further, the ALJ found that Ocean "takes no medication" and indicated that Ocean "testified he could not afford his medication, but did not indicate that he attempted to obtain any medications from anyone but his one doctor." (Tr. 14; compare Tr. 241, 224.)  The ALJ also found that "no physician treating the claimant has suggested specific functional limitations for him" without acknowledging testimony that Ocean did not have the money for the $80.00 office visit required from his treating physician in order to obtain a medical source statement.  (See Tr. 15, 55, 249.)  Ocean argues that the ALJ should have further considered his inability to afford his medications and that the ALJ erred in failing to acknowledge or consider his inability to afford the medical source statement. Additionally, there is no indication in the opinion that the ALJ considered Ocean's thirty-five year work history with one employer in evaluating his credibility.  See, e.g., Spissinger v. Colvin, No. 5:12-cv-03454-DCN, 2014 WL 4955257, at *3 (D.S.C. Sept. 29, 2014) ("Because SSR 96-7p and 20 C.F.R. § 404.1529 require the ALJ to at least consider a good work record in her credibility determination, the case must be remanded to the Commissioner for further administrative proceedings.") (citing Gregorie v. Colvin, No. 6:12-cv-3275-DCN, 2014 WL 3909175 (D.S.C. Aug. 11, 2014); Osgood v. Astrue, No. 2:08-cv-3386-DCN, 2010 WL 737839 (D.S.C. Mar. 2, 2010)).



**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.[4]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 14, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] The court expresses no opinion as to whether further consideration of any of these issues by the ALJ should ultimately lead to a different finding by the ALJ at any Step in the sequential process.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).